Arthur Markewich, J.
Defendant moves for dismissal of the complaint for legal insufficiency.
The action is in libel. Plaintiff conducts a retail health food and special diet food store and a restaurant and otherwise markets those foods and in the course thereof uses the name ‘ ‘ stawel products ’ ’. Defendant has published a volume in its ‘ ‘ Life Science Library ” entitled “ Food and Nutrition ”. In chapter 7 thereof, there is a photograph which is a reproduction of plaintiff’s storefront and at the top and to the right of the page containing that reproduction are the words: ‘1 food fads AND FRAUDS ’ ’.
Those words are in large type. At the bottom and to the left of the page is the following: “ A health-food store in New York displays exotic foods favored by faddists. The prices on the window advertisement — $6.95 for a quart of wheat-germ oil and 89 cents for a pound of sunflower seeds • — reflect the high cost of health-food diets.” The latter is in smaller type. The photograph is identifiable as the front of plaintiff’s store and includes the trade name “ sta-wel products ”. The photograph also shows the name of the plaintiff as follows: ‘ ‘ all diet foods DISTRS.”
It is further alleged that the purpose and effect of such juxtaposition of the caption ‘ ‘ food fads and frauds ’ ’ with the name of the plaintiff and the trade name of its products was to represent and to assert to all readers that plaintiff’s business is one founded on fraud. At the time of publication, it is alleged defendant knew or could, with the exercise of reasonable care, have ascertained that the matter was false and untrue and with exercise of reasonable care such identification could have been avoided.
*823 Defendant urges that the claim fails to meet constitutional standards in that it fails to allege properly defendant’s knowledge of falsity or high degree of awareness of probable falsity; that the complaint is insufficient for failure to plead special damage ; that the matter complained of is not defamatory; that under New York law the matter complained of is not libelous per se and special damage has not been alleged.
It is made clearly to appear from the photograph, by the words clearly printed at the bottom of the page and to the left, that the food store operated by the plaintiff displays exotic foods favored by faddists. Plaintiff has reproduced the nine pages following that page containing a photograph of the storefront. There is no dispute that plaintiff’s store is identified. Plaintiff argues that by the juxtaposition of the picture which shows the words 11 ALL DIET FOODS DISTES. ’ ’ and ‘ ‘ STA-WEL PRODUCTS ’ ’ with the words ‘ ‘ food frauds ’ ’, plaintiff has been specifically named as one charged with food frauds. It is further stated that on the following page are the words: ‘ ‘ people of one time or one place have found reasons for favoring or condemning particular kinds of food. Some of these fashions in eating have'— or once had — a logical basis in nutritional fact or ethical belief. But most have been the work of misguided zealots who convinced themselves and their followers that they had discovered either hidden dangers or formulas for vigor and vitality. And a few are outright frauds, cynically promoted to line the pockets of unscrupulous quacks.” And on another page are the words: ‘ ‘ the war against food frauds ’ ’.
By these excerpts the plaintiff seeks to charge the defendant with saying that plaintiff’s products were outright frauds and that plaintiff was cynically promoting such products as unscrupulous quacks to line its pockets and that plaintiff was guilty of fraud. The entire article must be read as a whole and it is clear from a reading thereof that any references whatever in the article insofar as the plaintiff is concerned are with respect to the marketing of foods favored by faddists. The juxtaposition of the photograph together with the ensuing article cannot be taken alone with respect to the words “ food fads and frauds ”, particularly when it is clearly stated that insofar as the plaintiff is concerned it was catering to the faddists.
Freedom of the press and full debate on public issues with respect to public officials was the basis for dismissal of a libel complaint in New York Times Co. v. Sullivan (376 U. S. 254). In Curtis Pub. Co. v. Butts (388 U. S. 130, 147) the doctrine was extended to .public figures. There the court stated: “We fully recognize the force of these competing considerations and the *824 fact that an accommodation between them is necessary not only, in these cases, hut in all libel actions arising from a publication concerning public issues. In Time, Inc. v. Hill, 385 U. S. 374, 388, we held that ‘ [t]he guarantees for speech and press are not the preserve of political expression or comment upon public affairs * * * ’ and affirmed that freedom of discussion ‘ must embrace all issues about which information is needed or appropriate to enable the members of society to cope with the exigencies of their period.’ Thornhill v. Alabama, 310 U. S. 88, 102.” (Emphasis supplied.)
There is further stated in Curtis Pub. Co. v. Butts (supra, 153): “ It is the conduct element, therefore, on which we must principally focus if we are successfully to resolve the antithesis between civil libel actions and the freedom of speech and press. Impositions based on misconduct can he neutral with respect to content of the speech involved, free of historical taint, and adjusted to strike a fair balance between the interests of the community in free circulation of information and those of individuals in seeking recompense for harm done by the circulation of defamatory falsehood.”
In short, the statement of which complaint is made must he shown to have been made with actual malice, with knowledge that it was false, or with reckless disregard as to the truth (New York Times v. Sullivan, supra).
Certainly the subject matter of the article under review is of considerable public interest and it cannot be said of the conduct of the defendant with respect to motivation that the complaint meets the required standards. Certainly the intent here was not merely to injure through falsehood; rather the motivation was the protection of the public in the disclosure of a highly important matter affecting the public interest. The motion is granted and the complaint is dismissed.