TRIM-A-WAY FIGURE CONTOURING, LTD., Respondent, *v.* NATIONAL BETTER BUSINESS BUREAU, INC., Also Known as THE COUNCILS OF BETTER BUSINESS BUREAUS, Appellant.

First Department, June 22, 1971.

*Alfred T. Lee* of counsel (*Weil, Lee & Bergin,* attorneys), for appellant.

*Daniel M. Shientag* for respondent.

*Per Curiam.* Plaintiff's business is selling franchises licensing the use of its method of "figure contouring" under the name Trim-A-Way. Defendant, the Councils of Better Business Bureaus, and its predecessors, have been in existence since 1912, its membership consisting of business concerns, advertising media, and local Chambers of Commerce. Among its stated functions are co-ordinating the activities of local Better Business Bureaus, "promoting sound advertising and selling standards", "correcting improper advertising and selling", "helping media and advertising agencies avoid unethical advertising", and "servicing consumer inquiries and complaints against business".

The complaint pleads three causes of action, the first alleging libel arising from a bulletin prepared by defendant concerning plaintiff's advertising; the second slanderous statements impugning the safety of plaintiff's process; and the third to enjoin the defendant from continued publication of the bulletin and uttering the alleged false and slanderous statements. Special Term denied defendant's motion to dismiss the complaint for insufficiency or for summary judgment and granted plaintiff's motion for a preliminary injunction.

Aside from alleged false statements in the bulletin as to the details of plaintiff's franchise agreements and misstatement of facts contained in a pharmacologist's report submitted by plaintiff to defendant, none of which we consider actionably libelous, plaintiff complains of the concluding paragraph of the bulletin: "It is the opinion of the National Better Business Bureau that the compilation of statistics supplied by Trim-A-Way does not substantiate the advertising claims made. Accordingly, NBBB maintains the position, that, until Trim-A-Way can establish that this method is in fact capable of producing the claimed results, which can be maintained over a period of time, such advertising is not in the public interest." At the most, this constituted criticism of plaintiff's service and, as such, required pleading specific special damage. (*Drug Research Corp.* v. *Curtis Pub. Co.,* 7 N Y 2d 435, 440–441; *Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384.)

Though publication of the bulletin may well fall within the ambit of the constitutional protection enunciated in *New York Times Co.* v. *Sullivan* (376 U. S. 254) and subsequent cases (see *All Diet Foods Distrs.* v. *Time, Inc.,* 56 Misc 2d 821 and cases therein cited), we find it unnecessary to so decide since we conclude that under the circumstances here presented, its publication was qualifiedly privileged as defined in *Shapiro* v. *Health Ins. Plan of Greater N. Y.* (7 N Y 2d 56, 60–61). One hundred forty-nine copies of the bulletin were sent to local Better Business Bureaus, 598 to advertising media who were members of defendant, 21 to its board of directors, and 20 to individuals in response to inquiries about plaintiff's operations. Particularly appropriate is the statement in the Restatement of the Law of Torts (vol. 3, p. 240) : '' Occasions conditionally privileged afford a protection based upon a public policy which recognizes that it is essential that true information shall be given whenever it is reasonably necessary for the protection of one's own interests, the interests of third persons, or certain interests of the public. In order that such information may be freely given, it is necessary to afford protection against liability for misinformation given in an honest and reasonable effort to protect or advance the interest in question. Were such protection not given, true information which should be given or received would not be communicated through fear of the persons capable of giving it that they would be held liable in an action of defamation unless they could meet the heavy burden of satisfying a jury that their statements were true.'' The publication being presumptively privileged, when challenged by defendant's motion for summary judgment plaintiff was required to come forward with evidentiary facts from which it might be found that the publication was not only false but actuated by express malice or actual ill will. (*Shapiro, supra,* p. 61; *Indig* v. *Finkelstein,* 29 A D 2d 851, affd. 23 N Y 2d 728.)

While, from the affidavits and exhibits submitted on the motion, a jury might well conclude that plaintiff's claims for its system, whether expressly stated or reasonably to be inferred, had not been substantiated and were misleading and '' not in the public interest '', not a scintilla of evidence is presented by plaintiff from which defendant's malice or ill will toward plaintiff could be found. It follows that defendant's motion for summary judgment dismissing the first cause of action should have been granted.

In its second cause of action plaintiff alleges '' that the defendant has communicated to various local Better Business

Bureau organizations and has spoken * * * that plaintiff was 'using a magnetic tape', that the plaintiff's method was 'dangerous', the plaintiff's method, products and services was [sic] 'particularly dangerous for people with varicose veins and skin disease' ''. Clearly, the alleged defamation was of plaintiff's services and, again, the pleading was fatally defective in failing to allege special damage. When, by whom, or under what circumstances the alleged statements were made by defendant are not pleaded. On defendant's motion, plaintiff was called upon to produce evidentiary facts showing the alleged statements were made by defendant. It failed to produce any such and, in fact, submitted an affidavit demonstrating that the alleged slanderous words were spoken by an employee of the Hartford Better Business Bureau, an independent corporate entity. Summary judgment should have been granted dismissing the second cause of action. (*Indig* v. *Finkelstein, supra.*)

While the preliminary injunction falls with the complaint, we would point out that it should not have been granted. (*Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384, *supra.*)

The order appealed from should be reversed on the law and facts, the preliminary injunction vacated, and defendant's motion for summary judgment dismissing the complaint granted, with costs and disbursements.

STEVENS, P. J., CAPOZZOLI, McGIVERN, TILZER and MACKEN, JJ., concur.

Order, Supreme Court, New York County entered on December 21, 1970, unanimously reversed, on the law and facts, plaintiff's motion denied and the preliminary injunction vacated, defendant's motion for summary judgment dismissing the complaint granted and the complaint dismissed. Appellant shall recover of respondent $50 costs and disbursements of this appeal.